Case 1:25-mj-00239-MAU    Document 1-

Case: 1:25-mj-00239
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 10/7/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

1. As reported in Metropolitan Police Department ("MPD") Criminal Case Number ("CCN") 25-134-631, on September 3, 2025, at approximately 1:01p.m., MPD received a call for service for a firearm that had been found at The Goodwill Excel Center Adult Charter School, located at 1776 G Street, NW, Washington, D.C. 20006.

2. MPD responded to The Goodwill Excel Center and met with Witness-1, the school administrator, who turned over a firearm to MPD. The firearm was found to be a Glock, Model 19, 9mm pistol, bearing serial number BBKD640. The Glock 19 pistol was fitted with a Glock, switch-style, Machinegun Conversion Device ("MCD") attached to the rear end of the firearm. A MCD is a device that can be installed, which can convert a firearm from semi-automatic fire into a fully automatic machinegun with a single pull of the trigger. The Glock 19 machinegun was loaded with one round of 9mm ammunition in the chamber and 23 rounds of 9mm ammunition in a 24-round, extended capacity magazine. Additionally, a query of the Glock 19 machinegun's serial number revealed the firearm was stolen out of Georgia in 2016.



3. MPD Detectives responded to The Goodwill Excel Center to interview Witness-1. Witness-1 stated he was working at the school when he observed an individual, later identified as Defendant James Adrian BREWER, with a sagging waistband and holding his waist while walking. Based on these observations, Witness-1 believed BREWER was armed. Witness-1 stopped BREWER near the front entrance staircase and escorted BREWER to another room. This encounter was captured on Closed Circuit Television ("CCTV") security cameras.



4. Once in another room, Witness-1 asked BREWER to lift his shirt and show his waistband. BREWER complied and Witness-1 observed a firearm in BREWER's front waistband. Witness-1 had BREWER retrieve the firearm from his own waistband and place the firearm into BREWER's bag. Witness-1 then escorted BREWER to Witness-1's office.



5. Once in the office, Witness-1 used a towel to retrieve the firearm from the bag. The firearm was placed in a lockbox pending notification to MPD. Additionally, Witness-1 discovered one loose round of .40 caliber ammunition inside BREWER's bag. Witness-1 informed BREWER that he would be suspended from the school and faced the possibility of expulsion. Witness-1 sent BREWER on his way and notified MPD.

6. Witness-1 identified BREWER to MPD Detectives as the individual who was in possession of the firearm. An MPD Detective located a photograph of BREWER in MPD's Report Management System ("RMS"). The Detective showed Witness-1 BREWER's photograph, at which time, Witness-1 positively identified BREWER as the individual from whom he retrieved the firearm.

7. The following day, September 4, 2025, an MPD Detective spoke with BREWER via telephone, during which conversation BREWER stated he wished to self-surrender regarding the firearm recovery from the day prior. BREWER agreed to meet at 1100 Dahlia Street, Northwest, Washington, D.C. 20012. At approximately 10:00p.m., BREWER was taken into custody without incident and transported to MPD's Second District ("2D") for an interview.

8. MPD Detectives conducted a custodial interview of BREWER, at which time BREWER waived his <u>Miranda</u> rights and agreed to speak with the Detectives. BREWER admitted to having a firearm in his waistband and surrendering it to Witness-1. BREWER stated that he acquired the firearm in Washington, D.C., and that it had an MCD on it when he obtained it. BREWER stated that the individual who gave him the firearm also explained what the MCD was, saying something to the effect of "This side is semi, this side makes it shoot fast". BREWER stated he knew MCDs could be purchased online.

9. When asked if BREWER knew what an MCD did, BREWER stated it made the firearm fun and that it makes the firearm shoot fast. Additionally, BREWER stated that he watched YouTube videos that explained an MCD's function. During the interview, BREWER declined to voluntarily provide a buccal swab, stating "I already said it's mine".

10. Analysis by the ATF Firearms and Ammunition Technology Division ("FATD") provided a preliminary verbal determination that the Glock 19 seized from BREWER had a "Glock Switch"-type MCD attached to it. The ATF FATD also provided a preliminary determination that the MCD is a "machinegun" as defined in 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b), that is a part or combination of parts designed and intended solely and exclusively for converting a weapon into a machinegun.

11. Your affiant is aware that The Goodwill Excel Center Public Charter School is an adult charter school that offers a high school education for adult residents of Washington, D.C. and is therefore a "school" as that term is defined in 18 U.S.C. § 921(a)(27). The campus of The Goodwill Excel Center Public Charter School is, therefore, a "school zone" as that term is defined in 18 U.S.C. § 921(a)(26).

12. As such, your affiant submits that probable cause exists to believe that on September 3, 2025, in the District of Columbia, James Adrian BREWER committed the offense of Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o), and Unlawful Possession of a Firearm in a School Zone, in violation of 18 U.S.C. § 922(q)(2)(A).

Respectfully Submitted,

_____
Special Agent Amanda Viteretti
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to me by telephone according to Fed. R. Crim. P. 4.1. on October 7, 2025.

_____
HON. MOXILA A. UPADHYAYA
United States Magistrate Judge